UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN KELEMEN and GAIL KELEMEN,        CASE NO.: 6:09-CV-1639-ORL-28-DAB

           Plaintiff,

vs.

PROFESSIONAL COLLECTION SYSTEMS,

           Defendant.
_____/

## JOINT PROPOSED JURY INSTRUCTIONS

**Preliminary Instructions Before Trial**

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**. On the other hand, any exhibits admitted in evidence during the

trial <u>will</u> be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

**<u>Notetaking—Permitted</u>**. If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places—things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

*<u>Notetaking—Not Permitted</u>. A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.*

*The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors <u>not</u> take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may <u>not</u> have skill or experience in notetaking and may*

*not wish to do so.*

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant[s] will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

Eleventh Circuit Pattern Jury Instructions (Civil) Preliminary Instructions

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |

# JOINT PROPOSED JURY INSTRUCTION Number 1

**Consideration Of The Evidence—Duty To Follow Instructions—Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Eleventh Circuit Pattern Jury Instruction (Civil), Basic Instruction 2.2

Given              _____

Given as Modified  _____

Denied             _____

Withdrawn          _____

**JOINT PROPOSED JURY INSTRUCTION – Number 2**
**Credibility Of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Jury Instruction (Civil), Basic Instruction 3

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |

## JOINT PROPOSED JURY INSTRUCTION – Number **3**
### Impeachment of Witnesses – Inconsistent Statements

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something , which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth, as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.


Eleventh Circuit Pattern Jury Instruction (Civil) Basic Instruction 4.1

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |

## JOINT PROPOSED JURY INSTRUCTION – Number <u>4</u>

**Burden Of Proof—When There Are Multiple Claims Or When Both Plaintiff And Defendant Or Third Parties Have Burden Of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Eleventh Circuit Pattern Jury Instruction (Civil) Basic Instruction 6.2

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |

## JOINT PROPOSED JURY INSTRUCTION – Number <u>5</u>

**SPECIAL INSTRUCTION – SUMMARY OF ALLEGATIONS AND DEFENSES**

In this case, the Plaintiffs, Stephen Keleman and Gail Keleman, seek statutory damages against the Defendant, Professional Collection Systems, for alleged violations of a federal statute entitled the Fair Debt Collection Practices Act, (commonly referred to as the "FDCPA"), arising out of Professional Collection System's efforts to collect an alleged debt from the Plaintiffs.

Defendant denies the allegations of liability and damages under this statute and has asserted certain defenses that I will explain to you.   The parties agree that Plaintiffs are "consumers" as used by the FDCPA,   The parties agree that Plaintiffs are "debtors" as used by the FCCPA.   The parties agree that Defendant is a "debt collector" as used by the FDCPA.   The parties agree that the alleged debt that Defendant attempted to collect was a "debt" as used by the FDCPA.

15 U.S.C. § 1692a

<u>Blair v. Sherman Acquisition</u>, 2004 U.S. Dist. LEXIS 25106, *6 (N.D.Ill. 2004)

<u>Ross v. Commercial Fin. Servs.</u>, Inc., 31 F. Supp. 2d 1077, 1079 (N.D. Ill. Jan. 7, 1999)

<u>Cirkot v. Diversified Fin. Servs., Inc.</u>, 839 F. Supp. 941 (D. Conn. 1993)).

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |

**JOINT PROPOSED JURY INSTRUCTION Number 6**

**SPECIAL INSTRUCTION - FAIR DEBT COLLECTION PRACTICES ACT**

Mr. Keleman and Mrs. Keleman allege that Professional Collection Systems violated the federal Fair Debt Collection Practices Act in five ways:

First, they allege that Professional Collection Systems communicated with Plaintiffs despite actual knowledge of Plaintiffs' representation by counsel, in violation of 15 U.S.C. §1692c(a)(2). Second, they allege that Professional Collection Systems communicated with persons other than the Plaintiffs or their attorneys, in violation of 15 U.S.C §1692c(b). Third, they allege that Professional Collection Systems engaged in conduct the natural consequence of which was to harass, oppress or abuse the Plaintiffs in violation of 15 U.S.C §1692d. Fourth, they allege that Professional Collection Systems caused Plaintiffs' telephone to ring with the intent to annoy, harass or abuse the Plaintiffs in violation of 15 U.S.C §1692d(5). Fifth, they allege that Professional Collection Systems used false representations or deceptive means to collect a debt in violation of 15 U.S.C §1692e or §1692e(10).

Defendant denies the allegations of liability under the FDCPA and asserts that it is entitled to the statute's "bona fide error" defense.

If you find that Plaintiffs have proven these allegations by the preponderance of the evidence, you should next consider whether Professional Collection Systems is entitled to the "bona fide error" defense. Regarding the bona fide error defense, Professional Collection Systems has the burden of proof to prove all elements of the defense by the preponderance of the evidence. If the greater weight of the evidence does not support the defense of Professional Collection Systems and the greater weight of the evidence does support the claims of Mr. & Mrs. Keleman, then your verdict should be for the Plaintiffs in the total amount of her damages.

15 U.S.C. § 1692c, d, e

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |

# JOINT PROPOSED JURY INSTRUCTION Number 7

## SPECIAL INSTRUCTION – FDCPA

### (*Bona Fide* Error Defense and Defendant's Burdens of Proof)

Professional Collection Systems has asserted the *Bona Fide* Error defense to liability under the FDCPA.  For Professional Collection Systems to prove this defense, it bears the burden of showing by a preponderance of the evidence that the violations Mr. and Mrs. Keleman allege were (1) unintentional, (2) a *bona fide* error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the error.

Defendant must prove all three elements of the defense. Failure to prove any single element is a failure to prove the defense. Plaintiff has no burden or other obligation to disprove Professional Collection Systems' defense.  However, if you find that Professional Collection Systems proved these elements by the preponderance of the evidence, your verdict must be in favor of Professional Collection Systems and against the Plaintiffs' claims asserted under the FDCPA.

15 U.S.C § 1692k(c)

American Design, Inc., 764 F.2d 827, 830 (11th Cir. 1985)

Gaisser v. Portfolio Recovery Associates, LLC, --- F.Supp.2d ---, 2009 WL 103697 (S.D.Fla. 2009)

Hepson v. J.C. Christensen & Assocs., 2008 U.S.Dist.LEXIS 92696, *11 (M.D.Fla. 2008)
Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997)

Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |

## JOINT PROPOSED JURY INSTRUCTION Number 8
### Duty To Deliberate—When Only The Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Pattern Jury Instruction (Civil) Basic Instruction 7.1

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |

## JOINT PROPOSED JURY INSTRUCTION Number 9

**Election Of Foreperson—Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Eleventh Circuit Pattern Jury Instruction (Civil) Basic Instruction 8

|                   |            |
|-------------------|------------|
| Given             | _____ |
| Given as Modified | _____ |
| Denied            | _____ |
| Withdrawn         | _____ |