UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN KELEMEN and GAIL KELEMEN,    CASE NO.: 6:09-CV-1639-ORL-28-DAB

                Plaintiffs,

vs.

PROFESSIONAL COLLECTION SYSTEMS,

                Defendant.
_____/

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

COMES NOW Plaintiffs, STEPHEN KELEMEN and GAIL KELEMEN ("Plaintiffs"), by and through counsel, and files their proposed jury instructions to be used in addition to the Joint Proposed Jury Instructions consideration and use in the trial of this action.

RESPECTFULLY SUBMITTED,

By: /s/ James Pacitti
James Pacitti
FBN: 119768
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Ste 401
Los Angeles, California 90025
(323) 988-2400 x230
jpacitti@consumerlawcenter.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Matthew Kiverts, certify that a true and correct copy of the foregoing was served upon counsel via the Court's CM/ECF electronic filing system on January 12, 2011.

By: /s/ James Pacitti
James Pacitti

1

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [1]
(Strict Liability)

The FDCPA is a strict liability statute. "Strict liability" is a legal term which means, in this context, that the Plaintiffs do not have to prove the Defendant acted intentionally, with malice, or with the purpose of harming the Plaintiffs. Strict liability also means that the Plaintiffs does not have to prove the Defendant violated the law through negligence or carelessness. The Plaintiffs are required to show only that the Defendant's conduct resulted in what the law does not permit. Even if you find the Defendant was reasonably prudent in its conduct, it is liable to Plaintiffs if it violated any provision of the FDCPA, even if the violation is a purely technical one.

Because the FDCPA is a strict liability statute, proof of a single violation is sufficient to support a finding in favor of Plaintiffs and against Defendant, and is sufficient for rendering Defendant liable to Plaintiffs.

*Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F. 3d 60, 63 (2d. Cir. 1993); *Baker v. G.C. Services Corp.*, 677 F. 2d 775, 780 (9th Cir. 1982); *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 725 (D. Conn.1990); *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990).

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |

PLAINTIFFS' PROPOSED JURY INSTRUCTION
NUMBER [2]
(Obligation to Pay the Debt Does Not Affect Liability Under FDCPA)

Whether or not Plaintiffs owe the debt at issue is not a factor in this proceeding. Whether Plaintiffs owe the debt or not, the Defendant must comply in all respects with the FDCPA. Therefore, you may not consider whether or not Plaintiffs are indebted to a creditor when determining whether Defendant violated the FDCPA.

*Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982), citing 123 Cong. Rec. 10241 (1977).

    Given    _____
    Given as Modified    _____
    Denied    _____
    Withdrawn    _____

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [3]
(Communication in Connection with Debt Collection)

Section 1692c of the FDCPA (Communication in connection with debt collection) states in part:

**(a)** Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--

\*     \*     \*

**(2)** if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

*15 U.S.C. §1692c.*

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [4]
(Harassment or Abuse)

Section 1692d of the FDCPA states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> **(5)** Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Enumerated conduct prohibited by section 1692d is not an exhaustive listing of conduct which violates section 1692d of the FDCPA.  In other words, even if Defendant's conduct does not fall within one of the enumerated types of behavior specifically prohibited by section §1692d, you may still find that Defendant's conduct violates section 1692d of the FDCPA.  Simply, the FDCPA includes a "catch-all" provision which prohibits conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt.

*15 USC § 1692d;* S. Rep. No. 95-382, 95th Cong., 1st Sess. 4*, reprinted in* 1977 U.S. Code Cong. & Admin.News 1695, 1698; *Kizer v. American Credit & Collection,* 1990 WL 317475 (D. Conn. 1990); *Beattie v. D.M Collections, Inc.*, 754 F. Supp. 383 (D. Del. 1991).

|                    |            |
|--------------------|------------|
| Given              | _____ |
| Given as Modified  | _____ |
| Denied             | _____ |
| Withdrawn          | _____ |

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [5]
(Violations Resulting From Harassment And Abuse Are Measured From The Perspective Of A Consumer Whose Circumstances Makes Him Relatively More Susceptible To Harassment, Oppression, Or Abuse)

Whether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication; rather, such susceptibility might be affected by other circumstances of the consumer or by the relationship between the consumer and the debt collection agency.  For example, a very intelligent and sophisticated consumer might well be susceptible to harassment, oppression, or abuse because he is poor (*i.e.,* has limited access to the legal system), is on probation, or is otherwise at the mercy of a power relationship.  Claims under section 1692d of the FDCPA should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse.

*Jeter v. Credit Bureau, Inc*.  760 F. 2d 1168, 1179 (11th Cir. 1985).

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [6]
(False or Misleading Representations)

Section 1692e of the FDCPA states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> **(11)** The failure to disclose in the initial written commul1ication with the consumer al1d, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any informatiol1 obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.;

*15 USC §1692e; Ross* v. *RJM Acquisitions Funding LLC,* 480 F. 3d 493 (7th Cir. 2007); *Transamerica Financial Services, Inc.* v. *Sykes,* 171 F. 3d 553 (7th Cir. 1999).

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [7]
(Violations of the FDCPA Are Measured by the "Least Sophisticated Debtor" Standard)

In determining whether the Defendant violated any section of the FDCPA you are to apply the "least sophisticated debtor" standard.  The FDCPA was not enacted for the protection of experts, but for the public, including – that vast multitude which includes the ignorant, the unthinking and the credulous – and the fact that a false or misleading statement may be obviously false or misleading to those who are trained and experienced does not change its character, nor take away its power to deceive other, less experienced or experienced consumers.  Thus, in reaching your determination of whether Defendant's communications are false or deceptive you must view them through the eyes of the "least sophisticated debtor."

*Brown* v. *Card Serv. Ctr.,* 464 F.3d 450 (3d Cir. 2006); *Schweizer* v. *Trans Union Corp., 136* F.3d 233 (2d Cir. 1998); *Swanson* v. *Southern Oregon Credit Service,* 869 F.2d 1222, 1225-1227 (9th Cir. 1988); *Jeter* v. *Credit Bureau, Inc.,* 760 F.2d 1168, 1172-1175 (11th Cir. 1985); *Graziano* v. *Harrison,* 950 F.2d 107, 111 (3d Cir. 1991).

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Denied | _____ |
| Withdrawn | _____ |